## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 16-5888-SVW (JEM) | Date | October 18, 2016 |
|---|---|---|---|
| Title | Charles W. Windham v. Ronald Franklin, et al. | | |

Present: The Honorable    John E. McDermott, United States Magistrate Judge

| S. Anthony | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |

**Proceedings:**      **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS UNTIMELY**

On July 15, 2016, Charles Windham ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, constructively filed a civil rights complaint pursuant to 28 U.S.C. § 1983 ("Complaint").[1]  A preliminary review of the Complaint reveals that it is untimely and, therefore, should be dismissed.

### A.    Preliminary Review of the Complaint

In accordance with the provisions of the Prison Litigation Reform Act of 1995, the Court must screen the Complaint before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).  This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal

---

[1]  Although the Complaint was filed by the Court on August 8, 2016, Plaintiff signed the proof of service on July 15, 2016.  Under the "mailbox rule," an incarcerated pro se prisoner's pleading is deemed filed when it is delivered to prison officials for mailing.  Houston v. Lack, 487 U.S. 266, 270 (1988).  The Court will assume for purposes of this Order that Plaintiff delivered the Complaint to prison officials for mailing on the date the proof of service was signed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5888-SVW (JEM) | Date | October 18, 2016 |
|---|---|---|---|
| Title | Charles W. Windham v. Ronald Franklin, et al. | | |

interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. Id. at 623. However, if it is absolutely clear that the deficiencies cannot be cured by amendment the complaint should be dismissed without leave to amend. Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

A district court may sua sponte dismiss a complaint as untimely under the statute of limitations where the defense is complete and obvious from the face of the pleadings or the court's own records. Franklin v. Murphy, 745 F.2d 1221, 1228-30 (9th Cir. 1984); see also Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993) (court may dismiss complaint sua sponte on statute of limitations grounds).

**B.      Applicable Statute of Limitations**

Federal civil rights claims are subject to the forum state's statute of limitations applicable to personal injury claims. See Wilson v. Garcia, 471 U.S. 261, 279-80; see also Owens v. Okure, 488 U.S. 235, 249-50 (1989); Lukovsky v. City & Cnty. of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008); Taylor v. Regents of the Univ. of Cal., 993 F.2d 710, 711 (9th Cir. 1993) (per curiam) (state's personal injury statute of limitations governs claims brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1985).

Federal courts also must give effect to a state's tolling provisions, including the tolling of a state statute of limitations during imprisonment. See Hardin v. Straub, 490 U.S. 536, 543-44 (1989); Marks v. Parra, 785 F.2d 1419, 1419-20 (9th Cir. 1986) (as amended).

Federal law, however, determines when a claim accrues and when the applicable limitations period begins to run. See Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991); Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir. 1986); Venegas v. Wagner, 704 F.2d 1144, 1145 (9th Cir. 1983) (per curiam). A cause of action accrues under federal law "when the plaintiff knows or has reason to know of the injury which is the basis of the action." Lukovsky, 535 F.3d at 1048 (citations omitted); Bagley, 923 F.2d at 760.

In California, the statute of limitations is two years for actions involving "assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another." Cal. Code Civ. Pro. § 335.1. The statute of limitations may be tolled for up to two years based on the disability of imprisonment "for a term less than life." Cal. Code Civ. Pro. § 352.1(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5888-SVW (JEM) | Date | October 18, 2016 |
|---|---|---|---|
| Title | Charles W. Windham v. Ronald Franklin, et al. | | |

Here, it appears that Plaintiff is serving an aggregate sentence of 75 years to life, with the possibility of parole. See, e.g., Charles Windham v. Matthew Cate, et al., Case No. EDCV 09-2340-RSWL (JEM) (Petition at 2; see also Respondent's Lodged Document 1 at 2.) This is considered "a term less than life" under Cal. Code Civ. Pro. § 352.1(a) and, therefore, Plaintiff is entitled to two years of equitable tolling. See Martinez v. Gomez, 137 F.3d 1124, 1126 (9th Cir. 1998) (finding an incarcerated plaintiff entitled to equitable tolling where he was serving a life sentence with the possibility of parole, which California courts consider to be "a term less than life"). Thus, the statute of limitations applicable to this action is four years.

**C.     The Complaint Is Facially Untimely**

Plaintiff's claims arose while he was incarcerated at the California State Prison-Los Angeles County.  He asserts numerous claims, including claims for excessive force, deliberate indifference to his serious medical needs, deliberate indifference to his safety, violations of due process in connection with the filing of allegedly false disciplinary reports against him and the failure to properly address his grievances, and violations of due process based on his placement in Administrative Segregation.  The events giving rise to Plaintiff's claims took place between February 10, 2010, and April 1, 2012, and he explicitly defines this as the relevant time period.  (Complaint at 6.)

It is clear on the face of the Complaint that all of Plaintiff's claims accrued at the time of the alleged constitutional violations, which occurred between February 10, 2010, and April 1, 2012.  At the very latest, the statute of limitations for Plaintiff's most recent claims expired four years later, on April 1, 2016.  The Complaint, which was constructively filed on July 15, 2016, is facially untimely.

There is nothing in the Complaint or the Court's records to indicate that Plaintiff is entitled to any additional tolling.[2]  See Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999) ("Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: '(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith.'" (quoting Bacon v. City of Los Angeles, 843 F.2d 372, 374 (9th Cir. 1988))).

Accordingly, it appears that this action should be dismissed with prejudice as untimely.

---

[2]  Plaintiff filed a Complaint asserting the same or similar claims in Charles Windham v. Ronald Franklin, Case No. CV 13-3004-SVW (JEM).  Plaintiff constructively filed this earlier action on April 1, 2013, and actively litigated it before filing a voluntarily dismissal on April 24, 2015.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5888-SVW (JEM) | Date | October 18, 2016 |
|---|---|---|---|
| Title | Charles W. Windham v. Ronald Franklin, et al. | | |

**ORDER**

Plaintiff is ORDERED TO SHOW CAUSE in writing no later than **November 17, 2016,** why this action should not be dismissed as untimely under the four year statute of limitations applicable to this case.

Failure to respond to this Order by the deadline may result in a recommendation that this action be dismissed for failure to comply with a court order and/or as untimely under the statute of limitations.

cc:     Parties

_____ : _____

Initials of Preparer          sa